IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GERMAINE BROOKS, #92298-020**                                                          **PETITIONER**

**VERSUS**                                                 **CIVIL ACTION NO. 5:07-cv-108-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo City**                                 **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Germaine Brooks, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the petition, the Court has come to the following conclusions.

### Background

Petitioner was convicted of the crime of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and possession of a firearm during the furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), in the United States District Court for the Middle District of Georgia. On June 23, 2005, Petitioner was sentenced to serve sixty-two months in the custody of the Bureau of Prisons (BOP), followed by five years supervised release.

Petitioner complains that he is being unconstitutionally denied early release eligibility by the BOP. It appears the Petitioner is arguing that when he completes a prison drug abuse treatment program he should be entitled to a sentence reduction. Petitioner asserts that the BOP is denying him the eligibility for a sentence reduction because he was convicted of a crime involving the possession of a firearm. Petitioner contends that this action by the BOP violates

his rights under the Equal Protection Clause, the Due Process Clause, and the Administrative Procedure Act.  As relief, Petitioner is requesting a court order deeming him eligible for a sentence reduction and upon successful completion of the program a one-year sentence reduction. The Petitioner has not exhausted this claim within the BOP's administrative remedy program and he argues exhaustion of his claim is futile.

Analysis

According to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may reduce sentences for inmates with convictions for nonviolent offenses up to one year when they successfully complete a treatment program.  In *Lopez v. Davis*, 531 U.S. 230 (2001), the United States Supreme Court upheld the BOP regulation which categorically excludes inmates who possessed a firearm in connection with their nonviolent offense from early release consideration, as a permissible exercise of the Bureau's discretion under § 3621(e)(2)(B).  The Supreme Court further stated that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Id.* at 241 (emphasis added).  Consequently, this Court finds that Petitioner's constitutional claims for habeas relief are not cognizable in light of the *Lopez* decision.

Likewise, the Petitioner's claim under the Administrative Procedure Act (APA) also fails. The Fifth Circuit has determined the Bureau of Prisons' internal agency guidelines are interpretive rules not subject to the notice-and-comment requirements of the Administrative Procedure Act.  *Vengas v. Henman*, 126 F.3d 760, 763 (5th Cir.1997).  Program statements are considered "interpretative rules" promulgated internally by the BOP and therefore not subject to

the APA. *See Tasby v. Pratt*, No. 4:01cv959, 2002 WL 1160071, at *5 (N.D.Tex. May 29, 2002)(finding APA inapplicable to the Bureau's program statement implementing the exclusion of inmates with convictions involving firearms from early release eligibility under § 3621(e)(2)(B))(*citing Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir.1998)).

    Accordingly, this case will be dismissed, with prejudice. A Final Judgment in accordance with this Memorandum Opinion shall be issued.

    SO ORDERED, this the __14th__ day of June, 2007.

                                                  s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE